# EXHIBIT 1

**MONTGOMERY COUNTY, MD**

**Circuit Court**

**FILED**

SEP 18 2023

Clerk of the Circuit Court
Montgomery County, Md.

**HEATHER GUNN**
110 Harmony Hall Rd
Gaithersburg, MD 20877

Case No. _C-15-CV-23-003531_

    Plaintiff,

v.

**Discover Financial Services Inc**
Serve: C T Corporation System
    208 South Lasalle St, Suite 814
    Chicago, Illinois 60604-1101

*P.O. Box 30948
Salt Lake City, UT. 84130 - 0948*

**American Express Company**
Serve: CT Corporation System
    111 Eighth Ave
    New York, NY 10011

*200 VESEY STREET
NEW YORK, NY. 10285*

**Capital One Financial Corporation**
Serve: Corporation Service Company
    100 Shockoe Slip, 2nd Flr
    Richmond, Virginia 23219

*1680 Capital One Drive
McLean, VA. 22102*

**JPMorgan Chase Bank, N.A.**
Serve: The Corporation Trust Incorporated
    351 West Camden Street
    Baltimore, MD 21201-7912

*P.O. Box 6294
Carol Stream, IL. 60197*

**Glasser And Glasser, P.L.C.**
Serve: Registered Agents Inc.
    5000 Thayer Center, Suite C
    Oakland, MD 21550

*P.O. Box 3400
Norfolk, VA. 23514*

**Equifax Information Services, Llc**
Serve: CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202

*1600 Peachtree ST. NW.
Atlanta, GA. 30809*

**Experian Information Solutions, Inc**
Serve: The Corporation Trust Incorporated
    351 West Camden Street
    Baltimore, MD 21201-7912

*475 Anton Blvd.
Costa Mesa, CA. 92626*

1



# MONTGOMERY COUNTY, MD
# **Circuit Court**

**Trans Union, LLC**
Serve: CSC-Lawyers Incorporating Service Company
    7 St. Paul Street, Suite 820
    Baltimore, MD 21202

*555 W. Adams ST.*
*Chicago, IL. 60661*

    Defendants.

## **COMPLAINT AND JURY DEMAND**

The Plaintiff, Heather Gunn, sues the Defendants and in support of his suit she alleges:

## **PRELIMINARY STATEMENT**

1.    The Defendants have defamed the Plaintiff and violated the state and federal consumer protection laws, including the Fair Debt Collection Practices Act ("FDCPA"), Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Consumer Protection Act ("MCPA"), and Fair Credit Reporting Act ("FCRA").

## **PARTIES TO ACTION**

2.    Plaintiff is a natural person residing in the state of Maryland.

3.    Discover Financial Services Inc ("Discover") is an American financial services company that owns and operates Discover Bank, an online bank that offers checking and savings accounts, personal loans, home equity loans, student loans and credit cards.

4.    JPMorgan Chase Bank, N.A. ("JPMCB"), the largest bank in the United States and the world's largest bank by market capitalization, provides its retail banking and credit card offerings via its Chase brand in the U.S. and United Kingdom.

5.    Capital One Financial Corporation ("Capital One"), is headquartered in Virginia and one of the largest banks in the United States, offers checking accounts, credit and debit cards, loans, insurance, payment protection, phone banking, bill pay, lending, and online banking services.

2



# MONTGOMERY COUNTY, MD
# Circuit Court

6.      American Express Company ("AMEX"), headquartered in New York City and listed on the Down Jones Industrial Average, specializes in payment cards.

7.      Glasser And Glasser, P.L.C. ("Glasser") is a professional limited liability company (attorneys at law) that is in the business of contacting consumers to collect consumer debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

8.      Equifax is a consumer reporting agency ("CRA") as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

9.      Experian is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

10.     Trans Union is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## FACTUAL ALLEGATIONS

11.     Plaintiff's credit reports contain five inaccurate tradelines.

12.     The furnishers or sources of information for those five inaccurate tradelines are Discover, AMEX, Capital One and JPMCB.

13.     The furnishers and CRAs have been apprised of the inaccuracies and/or already knew the information is inaccurate but continue to report the inaccuracies.

## A.      Discover Tradeline.

14.     Discover is reporting to all three CRAs that Plaintiff has an unpaid debt. Discover's reporting is inaccurate. Plaintiff has paid the account in full and there is a zero balance.

3



**MONTGOMERY COUNTY, MD**
# Circuit Court

15.    Prior to paying off the debt, Glasser demanded that Plaintiff pay an inflated debt amount, including attorney fees that had not accrued.

**B.    AMEX Tradelines.**

16.    AMEX is reporting to all three CRAs that Plaintiff has an outstanding balance on a credit card that the Plaintiff has paid. Therefore, AMEX's reporting is inaccurate. Plaintiff has paid the account in full and there is a zero balance.

17.    AMEX is reporting a second account as an unpaid charge-off. Plaintiff has contacted AMEX on numerous occasions about paying the debt and AMEX has been unresponsive. Therefore, AMEX's reporting is inaccurate and/or misleading. Plaintiff is attempting to pay the account and AMEX is preventing the payment, and the AMEX account needs to be notated in a manner that reflects Plaintiff's attempt to pay this debt.

**C.    Capital One Tradeline**

18.    Capital One is reporting to all three CRAs that Plaintiff has a charged off credit card that she is not making any payments on. Plaintiff has been making payments for a year or so and the balance has been paid down substantially. Thus, Capital One's reporting is inaccurate.

**D.    JPMCB Tradeline.**

19.    JPMCB is reporting to all three CRAs that Plaintiff has a charged off credit that she is not making any payments on. Plaintiff has entered into a payment plan with the Defendant and been making payments for a year or so.

4



**MONTGOMERY COUNTY, MD**

# Circuit Court

20.     Further, prior to JPMCB charging off the account, Plaintiff attempted to make a payment and/or enter into a payment arrangement, but the JPMCB was not responsive. Therefore, the debt was collectible when JPMCB charged off the account and represented it as uncollectible.

**E.      Credit Disputes with the CRAs**

21.     Plaintiff disputed the five inaccuracies with the CRAs in August 2023.

22.     The CRAs did not investigate Plaintiff's disputes.

23.     In lieu of investigating Plaintiff's disputes, the CRAs created an electronic version of the dispute, called an ACDV, and forwarded it to the furnishers to investigate.

24.     The ACDV dumbed down the dispute and mischaracterized the nature and substance of the dispute.

25.     The furnishers processed Plaintiff's dispute by merely comparing the information in the CRAs files with the information that the furnishers provided the CRAs.

26.     Although the ACDV had Plaintiff's dispute letter attached, the furnishers did not review the dispute letter.

27.     Because the information in the furnishers records were inaccurate and the furnishers merely confirmed the CRAs were reporting the furnishers records verbatim, the furnishers did not nothing to assure their records were accurate.

28.     However, the furnishers reported back to the CRAs that they had verified the information as being reported accurately.

29.     The CRAs are aware that the furnishers do not investigate the accuracy of the dispute information and merely ensure the information is being reported consistently.

5



# MONTGOMERY COUNTY, MD
# **Circuit Court**

30.  Despite being aware that furnishers did not verify the accuracy of the disputed information, the CRAs accepted the furnishers false representation that they had verified the information as being reported accurately.

## COUNT ONE: VIOLATIONS OF FDCPA

31.  Plaintiff incorporates paragraphs 7, 14 and 15.

32.  Defendant Glasser violated §§ 1692e(2), 1692e(10) and 1692f by attempting to collect legal fees that had not been incurred.

33.  As a result of Glasser's foregoing violations, Plaintiff was hampered from paying off the debt sooner and additional fees incurred.

34.  Additionally, Plaintiff suffered emotional distress attendant to having the debt hanging over her head for an extended period of time.

35.  Thus, Glasser's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: VIOLATIONS OF MCDCA

36.  Plaintiff incorporates paragraphs 31 - 35.

37.  Glasser violated Md. Code Ann., Com Law § 14-202(11) by violating the FDCPA as described in paragraph 17.



# MONTGOMERY COUNTY, MD
# Circuit Court

38.     Glasser violated Md. Code Ann., Com Law § 14-202(8) by claiming legal fees that had not been incurred and attempting to collect on those legal fees when Glasser knew the legal fees had not been incurred and that the Plaintiff did not owe.

39.     As a result of Glasser's foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

40.     Glasser's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages pursuant to Com Law § 14-203.

## COUNT THREE: VIOLATION(S) OF MCPA

41.     Plaintiff incorporates paragraphs 36 - 40.

42.     Glasser violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) by violating the MCDCA as described in paragraphs 21 - 25.

43.     As a result of Glasser's foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

44.     Glasser's conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages and attorney's fee pursuant to Com Law §§ 13-408(a)-(b).

## COUNT FOUR: VIOLATION(S) OF 15 U.S.C. § 1681e(b)

45.     Plaintiff incorporates paragraphs 1 through 30.

46.     The CRAs violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to furnish Plaintiff's credit reports with maximum accurate information.



# MONTGOMERY COUNTY, MD
# Circuit Court

47.     Due to violation(s) of the CRAs, the Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other emotional distress.

48.     The violations by the CRAs were willful, rendering them liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49.     In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT FIVE: VIOLATION OF 15 U.S.C. § 1681i(a)

50.     Plaintiff incorporates paragraphs 45 through 49.

51.     The CRAs violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

52.     The violations by the CRAs were willful, rendering the CRAs liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

53.     In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT SIX: VIOLATION OF 15 U.S.C. § 1681s-2(b)
### (as to Discover, Capital One, AMEX, JPMCB)

54.     Plaintiff incorporates paragraphs 1 through 30.

8



**MONTGOMERY COUNTY, MD**

# Circuit Court

55.     Defendant Furnishers received notice of Plaintiff's dispute but did not conduct a thorough, detailed, and careful inquiry of the claims raised in Plaintiff's dispute. Instead of conducting a reasonable investigation, the Defendants simply confirmed that the *disputed* information was being reported consistently to the CRAs and made absolutely *no* inquiry into the accurateness of the information being reported.

56.     The Defendant Furnishers did not review Plaintiff's dispute letter—which was attached to the notice of disputes forwarded by the CRAs—and as a result they remained willfully ignorant of the true nature of Plaintiff's dispute.

57.     Defendant Furnishers' foregoing conduct violated 15 U.S.C. § 1681s-2(b)(1) for their conduct constitutes a failure to fully and properly investigate Plaintiff's disputes and failure to review—much less consider—all relevant information provided by the CRAs.

58.     Defendant Furnishers' procedure to simply data match information that it previously reported, or data match the information that it has in its computer file with the information currently be reported to the CRA, instead of conducting a careful inquiry into the substance and merits of a consumers' dispute, is policy employed in deliberate violation of Defendants' obligation under the FCRA to conduct reasonable investigation of credit disputes.

59.     As a result of Defendant Furnishers' violations of 15 U.S.C. § 1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

# MONTGOMERY COUNTY, MD
# **Circuit Court**

60.     The violations by Defendant Furnishers were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

61.     Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **COUNT SEVEN: DEFAMATION**
### **(as to LVNV, JPMCB, Credit One, SYNCB)**

62.     Plaintiff incorporates paragraphs 54 through 61.

63.     Defendants report information on the Plaintiff each and every month to the CRAs.

64.     The Defendants knew the CRAs would furnish credit reports containing their inaccurate information to third parties.

65.     Defendants' reporting constituted defamatory statements as the reportings were injurious to Plaintiff's financial profile.

66.     Defendants knew that their false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

67.     Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

68.     Plaintiff seeks $100,000 for being defamed by the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays:

A.     That the Court award actual damages Counts I thru VII;

10



**MONTGOMERY COUNTY, MD**

# Circuit Court

B.   That the Court award maximum statutory damages for FDCPA and FCRA;

C.   That the Court award maximum punitive damages for FCRA and defamation;

D.   That the Court award costs and any reasonable attorneys' fees; and

E.   That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

Heather Gunn
Pro Se Plaintiff
110 Harmony Hall Rd
Gaithersburg, MD 20877
Tel: (240) 604-0086
heatheregunn@gmail.com

11

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
   *Defendant:* You must file an Information Report as required by Rule 2-323(h).
THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING

| | |
|---|---|
| **FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT | CASE NUMBER _____ (Clerk to insert) |

**CASE NAME:** Heather Gunn   vs.   Discover Financial Services, Et al.

**PARTY'S NAME:** Heather E. Gunn <sub>Plaintiff</sub>    PHONE: 240-604-0086 <sub>Defendant</sub>

**PARTY'S ADDRESS:** 110 Harmony Hall Road Gaithersburg, MD. 20877

**PARTY'S E-MAIL:** HeatherEgunn@gmail.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: _____ PHONE: _____

PARTY'S ATTORNEY'S ADDRESS: _____

PARTY'S ATTORNEY'S E-MAIL: _____

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours __3__ days

FILED

SEP 1 8 2023

Clerk of the Circuit Court
Montgomery County, Md.

### PLEADING TYPE

**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☒ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

**Government**
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

**Constructive Trust**
☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.      ☐ Liability is not conceded, but is not seriously in dispute.      ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000          ☐ $10,000 - $30,000          ☐ $30,000 - $100,000          ☒ Over $100,000

☐ Medical Bills $ _____      ☐ Wage Loss $ _____      ☐ Property Damages $ _____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation          ☐ Yes  ☒ No              C. Settlement Conference          ☐ Yes  ☒ No
B. Arbitration         ☐ Yes  ☒ No              D. Neutral Evaluation              ☐ Yes  ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

### *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less              ☒ 3 days of trial time
☐ 1 day of trial time                   ☐ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of              ☐ **Standard** - Trial within 18 months of

Defendant's response                                   Defendant's response

### EMERGENCY RELIEF REQUESTED

<table>
<tr><td colspan="2">

**COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)**

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

</td></tr>
</table>

❑ **Expedited** - Trial within 7 months of Defendant's response          ❑ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❑ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❑ Civil-Short | Trial 210 days from first answer. |
| ❑ Civil-Standard | Trial 360 days from first answer. |
| ❑ Custom | Scheduling order entered by individual judge. |
| ❑ Asbestos | Special scheduling order. |
| ❑ Lead Paint | Fill in: Birth Date of youngest plaintiff_____ . |
| ❑ Tax Sale Foreclosures | Special scheduling order. |
| ❑ Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❑ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❑ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❑ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❑ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

9/14/2023
_____
Date

110 Harmony Hall Road
_____
Address

Gaithersburg          MD          20877
_____    _____    _____
City                State        Zip Code

_____
Signature of Attorney / Party          Attorney Number

Heather E. Gunn
_____
Printed Name



**CIRCUIT COURT FOR MONTGOMERY COUNTY,<br>MARYLAND**
50 Maryland Avenue
Rockville, Maryland  20850

**To:** JPMORGAN CHASE BANK, NA
PO BOX 6294
CAROL STREAM IL  60197
**SERVE ON:** THE CORPORATION TRUST INCORPORATED
351 WEST CAMDEN STREET
BALTIMORE, MD 21201

| | |
|---|---|
| **Case Number:** | **C-15-CV-23-003531** |
| **Other Reference Number(s):** | |

**HEATHER GUNN VS. DISCOVER FINANCIAL SERVICES INC, ET AL.**

Issue Date: 9/18/2023

## WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a <u>written</u> response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

Gunn, Heather
110 Harmony Hall Rd
GAITHERSBURG, MD  20877

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately.  If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

*Karen A Bushell*

Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Heather Gunn vs. Discover Financial Services Inc, et al**  Case Number: C-15-CV-23-003531

Case 8:23-cv-02715-DLB   Document 1-2   Filed 10/06/23   Page 17 of 25

## RETURN

☐ Served _____ on _____ at _____
                              Whom                                    Date                              City/State/Country

☐ Summons and  ☐ Show Cause Order and  ☐ Complaint/Petition/Motion Served

☐ Unserved _____ _____
                              Date                                                          Reason

_____ ☐ Sheriff
Signature



**CIRCUIT COURT FOR MONTGOMERY COUNTY,
MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** JPMORGAN CHASE BANK, NA
PO BOX 6294
CAROL STREAM IL 60197

|  |  |
|---|---|
| **Case Number:** | **C-15-CV-23-003531** |
| **Other Reference Number(s):** |  |

**HEATHER GUNN VS. DISCOVER FINANCIAL SERVICES INC, ET AL.**

Date: 9/18/2023

## SCHEDULING NOTICE AND ORDER OF COURT - Civil Track 3
### COMPLAINT FILED ON 09/18/2023

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1.) <u>Proof of Service</u>. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

   a.) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.
   b.) As to any Defendant not timely served, the Court may sever the case against that party.
   c.) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: DEADLINE: 01/16/2024**
   d.) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**
   e.) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.
   f.) **<u>FAILURE TO SERVE A PARTY WILL NOT RESULT IN MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER.</u>**

2.) <u>Answer or Other Responsive Pleading</u>. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3.) <u>Initial Discovery</u>. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

   a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no

MOCC-V-003 (Rev. 04/2023) | **Page 1 of 2** |

Heather Gunn vs. Discover Financial Services Inc, et al.                     Case Number: C-15-CV-23-003531
                                                                            Other Reference Number(s):

circumstances may this information be withheld.

4.) <u>Discovery of Electronic Information</u>.  Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner conducting discovery regarding electronic information, and the parties should address the following:

a)  Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
b)  Exchange of discoverable information in electronic format where appropriate, including:
     i)  The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and
     ii)  Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
c)  Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
d)  The manner of handling inadvertent production of privileged materials; and
e)  Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5.) <u>Attorneys' Fees</u>.  If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury.  The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules.  If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue.  (See Rules 2-703, 2-704, and 2-705.)

6.) <u>Mediation</u>.  PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE.  PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE).  Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator.  Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court.  Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an object to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 18, 2023

_____                          _____
9/18/2023
Date                                              Administrative Judge

* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** JPMORGAN CHASE BANK, NA
PO BOX 6294
CAROL STREAM IL 60197

<table>
<tr><td align="right">**Case Number:**</td><td>C-15-CV-23-003531</td></tr>
<tr><td align="right">**Other Reference Number(s):**</td><td></td></tr>
</table>

**HEATHER GUNN VS. DISCOVER FINANCIAL SERVICES INC, ET AL.**

Date: 9/18/2023

## ORDER FOR MANDATORY PRETRIAL HEARING – Civil Track 3
## COMPLAINT FILED ON 09/18/2023

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this day, by the Circuit Court for Montgomery County, Maryland,

**ORDERED**, that the parties and trial counsel shall appear in court for a Pretrial Hearing on . No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Pretrial Hearing and shall contain the following:

1. <u>Nature of the Case</u>: A brief, non-argumentative statement suitable for reading to a jury.

2. <u>Claims and/or Defenses</u>: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. <u>Undisputed Issues and Facts</u>: List all issues not in dispute and set forth stipulated facts.

4. <u>Disputed Issues</u>: List each disputed issue and the principal contentions of all parties respecting each.

5. <u>Relief Sought</u>: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. <u>Citations</u>: List any cases or statutes which need to be called to the Court's attention.

7. <u>Pending Motions</u>: List title, movant, and filing date of pending motions.

8. <u>Witnesses</u>: Name, address, and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. <u>Exhibits</u>: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

10. <u>Deposition Testimony</u>: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 18, 2023

Heather Gunn vs. Discover Financial Services Inc, et al.      Case Number: C-15-CV-23-003531
Other Reference Number(s):

Case 8:23-cv-02715-DLB   Document 1-2   Filed 10/06/23   Page 21 of 25

11. <u>Pleadings and Discovery Responses</u>: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. <u>Demonstrative or Physical Evidence</u>: Describe any items of non-testimonial, non-documentary evidence - - models, samples, objects, etc. – to be utilized at trial.

13. <u>Videotapes</u>: Identify any videotapes to be shown to the jury and authority for doing so.

14. <u>Requested Jury Selection Questions</u>: Identify those agreed upon and include any objections made by either side.

15. <u>Pattern Jury Instructions</u>: Identify those agreed upon and those not agreed upon.  Designate the source of the instruction.

16. <u>Non-Pattern Jury Instructions</u>: Supply complete text of each instruction, with authorities, on a separate page.

17. <u>Verdict Sheet (if requested)</u>: Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. <u>Settlement</u>: Minimum demand; Maximum offer.

19. <u>Estimated Length of Trial</u>: _____ days.

and it is further

**ORDERED**, that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days (**DEADLINE: 06/14/2024**) before the Pretrial Hearing; and it is further,

**ORDERED**, for cases that have not reached a settlement by the Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle shall participate in good faith in any Settlement Conference, that may be set at the Pretrial.

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 18, 2023

9/18/2023
_____
Date              Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility.  The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.



**CIRCUIT COURT FOR MONTGOMERY COUNTY,
MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** JPMORGAN CHASE BANK, NA
PO BOX 6294
CAROL STREAM IL 60197

|  |  |
|---|---|
| **Case Number:** | **C-15-CV-23-003531** |
| **Other Reference Number(s):** | |

**HEATHER GUNN VS. DISCOVER FINANCIAL SERVICES INC, ET AL.**

Date: 9/18/2023

## SCHEDULING ORDER – TRACK 3
## COMPLAINT FILED ON 09/18/2023

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT: [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | 12/18/2023 |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | 01/16/2024 |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | 02/15/2024 |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | 04/15/2024 |
| *DEADLINE: DISCOVERY COMPLETED* | 05/30/2024 |
| *DEADLINE: ADD'L PARTIES JOINDER* | 06/07/2024 |
| MEETING OF ALL COUNSEL, Time and place to be determined PLUS DEADLINES: | 06/14/2024 |
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | 06/14/2024 |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | 06/14/2024 |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | 06/14/2024 |
| *DEADLINE: ADR DEADLINE* | 06/20/2024 |
| PRETRIAL HEARING | 7/11/2024 at |
| ATTENDANCE REQUIRED | 1:30 PM |
| *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.* | |

**TRIAL COUNSEL SHALL APPEAR** AT THE PRETRIAL HEARING. MOTIONS FILED IN CIVIL TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 and 2-341.
THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED.

**Trial Date Between:** <u>07/30/2024</u> and <u>11/07/2024</u>

**ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.**

**Heather Gunn vs. Discover Financial Services Inc. et al.**         **Case Number: C-15-CV-23-003531**

Case 8:23-cv-02715-DLB   Document 1-2   Filed 10/06/23   Page 23 of 25

**Other Reference Number(s):**

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

Entered: Clerk, Circuit Court for
Montgomery County, MD
September 18, 2023

| 9/18/2023 | |
|---|---|
| Date | Administrative Judge |

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

E-FILED; Montgomery Circuit Court
Docket: 10/6/2023 11:21 AM; Submission: 10/6/2023 11:21 AM
Envelope: 14148128

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| HEATHER GUNN, | * |
| Plaintiff, | * |
| v. | *    Civil Action No.: C-15-CV-23-003531 |
| DISCOVER FINANCIAL SERVICES, INC., *et al.*, | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ENTRY OF APPEARANCE

Please enter the appearance of Brian L. Moffet, Miles & Stockbridge P.C., as counsel on behalf of the Defendant, JP Morgan Chase Bank, N.A., in the above-captioned case.

Dated: October 6, 2023

Respectfully submitted

_____/s/_____
Brian L. Moffet (AIS # 9712170257)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
bmoffet@milesstockbridge.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of October 2023, a copy of the foregoing Entry

of Appearance was served via first-class mail, postage prepaid, to:

Heather Gunn
110 Harmony Hall Rd
Gaithersburg, MD 20877
*Plaintiff*

AMERICAN EXPRESS COMPANY
<u>Resident Agent:</u>
The Corporation Trust Incorporated
2405 York Road
Suite 201
Lutherville, Maryland 21093-2264

GLASSER AND GLASSER, P.L.C.
<u>Resident Agent:</u>
Registered Agents, Inc.
5000 Thayer Center, Suite C
Oakland, Maryland 21550

EXPERIAN INFORMATION
SOLUTIONS, INC.
<u>Resident Agent:</u>
The Corporation Trust Incorporated
2405 York Road
Suite 201
Lutherville, Maryland 21093-2264

EQUIFAX INFORMATION SERVICES, LLC
<u>Resident Agent:</u>
CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

DISCOVER FINANCIAL SERVICES, INC.
<u>Resident Agent:</u>
The Corporation Trust Incorporated
2405 York Road
Suite 201
Lutherville, Maryland 21093-2264

CAPITAL ONE FINANCIAL CORP.
<u>Resident Agent:</u>
CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

TRANS UNION, LLC
<u>Resident Agent:</u>
CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

_____/s/_____
Brian L. Moffet